# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD T. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-973 JMB |
| | ) | |
| KENNETH P. AUGUSTINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a pro se litigant, filed a pleading entitled "Notice of Removal" in this matter on August 4, 2021. In conjunction with his notice of removal, plaintiff filed a motion to proceed in forma pauperis as well as a motion to appoint counsel. The Court now conducts an initial review of the pleading to determine whether remand of this action is appropriate under 28 U.S.C. § 1915.

## Background

Plaintiff filed a pleading entitled "Notice of Removal" against five defendants on August 4, 2021. Plaintiff is a pro se litigant currently living in New Haven, Missouri. The named defendants in this action are: Kenneth Augustine; the Franklin County Sheriff's Office; Luke James Stobie; Stanley Williams; and David Hoven.

In his "Notice of Removal," plaintiff "moves for removal of case number 20AB-CC00286…due to the seventh false imprisonment of Arnold on April 3, 2021, extreme bias, failure of due process of law, and abuse of power." Plaintiff asserts that the basis for his removal lies under the Fifth and Fourteenth Amendments of the United States Constitution, as well as 28 U.S.C. § 1441. Plaintiff appears to be asserting that the Court in Franklin County is biased against him.

According to the state court file attached to the Notice of Removal by plaintiff, as well as Missouri.Case.Net, plaintiff's initial complaint against defendants related to a real estate dispute.[1]

In the "Petition for Declaratory Judgment, Injunctive Relief and Order for Encroachment Survey" filed by plaintiff in *Arnold v. Augustine*, No. 20AB-CC00286 (20th Judicial Circuit, Franklin County Court), on December 23, 2020, plaintiff asserted that defendant Augustine was encroaching on his land by building structures on his property and rerouting his driveway. Plaintiff sought a declaratory judgment for ejectment of defendant Augustine from his property, as well as an assessment of the Court of the boundary lines between the two neighbors and any prescriptive easements granted.

On May 27, 2021, plaintiff filed an amended complaint. *Arnold v. Augustine*, No. 20AB-CC00286 (20th Judicial Circuit, Franklin County Court). In his amended pleading, plaintiff joined the Franklin County Sheriff's Office, Assistant Franklin County Prosecutor Luke Stobie, Judge Stanley Williams and Judge David Hoven to his complaint. In addition to his prior claims against defendant Augustine, plaintiff purports to bring causes of action against the newly joined defendants for malicious prosecution, false imprisonment and due process violations.[2] Plaintiff also added a cause of action for defamation against defendant Augustine.

Defendant Augustine filed a motion to dismiss plaintiff's amended complaint on June 18, 2021. On July 9, 2021, the Court took defendant's motion under advisement. Ruling on the motion

---

[1] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2] These allegations appear to arise from an altercation and confinement that occurred when plaintiff was taken into custody based on a warrant for failure to appear for a criminal summons. *State v. Arnold*, No. 21AB-IN00009 (20th Judicial Circuit, Franklin County Court). Plaintiff asserts that he was taken into custody after being charged with "trespass" and for "property damage" when he was forced to clear his driveway of the debris left by defendant Augustine. Plaintiff has plead not guilty in the criminal action, but the matter is still pending. Plaintiff sought a change of judge in his criminal case which was granted on June 16, 2021. He currently is assigned the same judge in both his civil and criminal matters.

to dismiss is currently set for September 2, 2021. *Arnold v. Augustine*, No. 20AB-CC00286 (20th Judicial Circuit, Franklin County Court).

## Legal Standard

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge [ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043–44 (8th Cir.2002) (citations omitted).

## Discussion

As discussed above, plaintiff seeks to remove a state court case that he filed against defendants to federal court. As a matter of procedure, removal is available only to a defendant, except for a limited circumstance not applicable in this case. 28 U.S.C. 1441(a); *see Columbia*

*Gas & Elec. Corp. v. Am. Fuel & Power Co.,* 322 U.S. 379, 383–84 (1944). The removal statute provides, in relevant part:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Simply put, plaintiff has no basis in law to remove his Franklin County Court case to federal court.

Nevertheless, because plaintiff is proceeding pro se, the Court must construe his allegations liberally. *Burke*, 294 F.3d at 1043–44. Liberally construed, plaintiff may have intended to file his pleading as a federal complaint. However, even under this construction, the Court must abstain from exercising jurisdiction over plaintiff's claims.

To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state court proceeding has already been commenced. *See Aaron v. Target Corp.,* 357 F.3d 768, 774 (8th Cir.2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir.2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Here, plaintiff clearly alleges that there is an ongoing state court proceeding. In addition, his disagreement with the Franklin County Court's handling of his case and his allegation that he is being forced into a trial with a biased judge implicate important state interests. *See, e.g., Sanchez*

4

*v. Wells Fargo Bank*, 307 F. App'x 155, 158 (10th Cir.2009) (finding plaintiff's bias allegation against a state court judge insufficient to circumvent *Younger* abstention because a state judge's actions are a matter of obvious state interest and best left, at least in the first instance, for review by the state appellate courts); *see also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 (1987) (noting that a state interest is "important" for purposes of *Younger* abstention where the "exercise of the federal judicial power would disregard the comity between the States and the National Government"). Moreover, plaintiff has not alleged, nor does the record show, that he does not possess an adequate opportunity to raise his constitutional issues in state court. This matter will be remanded to the Franklin County Court.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court for Franklin County Missouri. *See Arnold v. Augustine*, No. 20AB-CC00286 (20th Judicial Circuit, Franklin County Court).

**IT IS FURTHER ORDERED** that defendant's motion to remand [ECF No. 13] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

5

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the Circuit Court for Franklin County Missouri, with reference to *Arnold v. Augustine,* No. 20AB-CC00286 (20th Judicial Circuit, Franklin County Court).

Dated this 13th day of August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE